KOTSATOS LAW PLLC
By: John E. Kotsatos, Esquire
717 Washington St.
Easton, PA 18042
Phone: 484-403-6214
Fax: 610-438-6351
Email: jk@lawjek.com

*Counsel for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RANDY LIPPINCOTT, | : | |
|     Plaintiffs, | : | **COMPLAINT** |
|   v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| LAWRENCE EDWARD BENNER, JR, | : | |
| And | : | |
| RICHARD NILSON, | : | |
| And | : | |
| COLINGTON HARBOUR ASSOCIATION, | : | |
|     Defendants | : | |

### COMPLAINT

Plaintiff Randy Lippincott brings this action for damages against Defendants Lawrence Edward Benner, Jr., Richard Nilson and Colington Harbour Association. Plaintiff avers as follows:

### Introduction

1. The subject matter of this cause of action arises from Plaintiff sustaining significant personal injuries as a result of being attacked and bitten by a vicious dog at 480 Harbour View Drive, Kill Devil Hills, NC 27948 which is located within Colington Harbour, a private gated subdivision.

2.       As depicted in the photos referenced below, the dog bite caused Plaintiff to suffer serious bodily injuries to his foreman.  As a result of these injuries, Plaintiff was required to undergo significant medical treatment and care.



3.       In addition to undergoing significant medical treatment and care, the injuries have resulted in Plaintiff sustaining permanent scarring to his forearm.

4.       At tall times material hereto, the vicious dog (a German Shepard named "Jax") was owned by Defendant Lawrence Edward Benner, Jr. who leased/rented his residence (480 Harbour View Drive, Kill Devil Hills, NC 27948) from Defendant Richard Nilson, the owner of the subject property.

5. 480 Harbour View Drive, Kill Devil Hills, NC 27948 shall be referred to as the "Subject Property" herein.

6. Said residence is located with Colington Harbour, a private gated subdivision situated in the heart of the Outer Banks, NC.

7. The attack and bites sustained by Plaintiff occurred on 12/27/2021 and shall be referred to as the "attack" or "incident" herein.

## Jurisdiction and Venue

8. As set forth with particularity below, Plaintiff is a resident of New Jersey.

9. As set forth with particularity below, Defendants are residents of North Carolina.

10. The incident occurred in North Carolina.

11. Plaintiff seeks to recover an amount in excess of $350,000.00.

12. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) which, in relevant part, provides that "…(a) [t] The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

13. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) since the Defendant resides in New Jersey and the incident occurred therein.

## Parties

14. Plaintiff Randy Lippincott (Plaintiff) is an adult individual whose resides at 475 Russell Avenue, Phillipsburg, Warren County, NJ 08865.

15. Defendant Lawrence Edward Benner, Jr. ("Benner") is an adult individual who at the time of the incident resided at 480 Harbour View Drive, Kill Devil Hills, NC 27948 (Subject

Property).  Plaintiff believes and avers that Benner now resides at 105 Kitty Hawk Bay Drive, Kill Devil Hills, Dare County, NC 27948.

16. Defendant Richard Nilson ("Nilson") is an adult individual who owns the Subject Property and resides at 4116 Pineway Drive, Kitty Hawk, Dare County, NC 27949-4358.

17. Defendant Colington Harbour Association a/k/a The Colington Harbour Association, Inc. ("Colington") is registered as a Non-Profit Corporation with the North Carolina Secretary of State the following Secretary-of-State-ID-Number (SosId): 0030860.  Colington's registered address with the North Carolina Secretary of State is: 1000 Colington Drive Kill Devil Hills, NC 27948.  On its own website (https://colingtonharbour.net/), Colington describes itself as:

> "Colington Harbour is a private gated subdivision situated in the heart of the Outer Banks. With over 2,400 lots, the "Harbour" is also the largest, and serves as home to a thriving boating community featuring miles of canals and scenic sound front homes along the beautiful Albemarle Sound.
>
> Originally developed as a mix of retirement and vacation cottages, the Harbour has grown into the permanent residence for thousands of families and children galore. The deep water canals, ideal location, and friendly faces of our residents have made our community one of the premier destinations along the Atlantic coast.
>
> Amenities within our neighborhood include a huge sound side park with sandy beaches, a playground, and sheltered picnic areas, a basketball court, as well as a kayak rack, boat launch and boat slips for rent. For a nominal fee, residents may also join the Yacht and Racket Club, which allows use of the two outdoor swimming pools, tennis courts, and community clubhouse"

*See* https://colingtonharbour.net/

18. Benner, Nilson and Colington shall be collectively referred to, if and where applicable, as "Defendants" herein.

**Factual Allegations**

19. On 12/27/21, while visiting his friend (Gayle Miccio), a resident in Colington, Plaintiff, while enjoying a walk around the private, gated community, was viciously attacked and bitten by Jax, a German Shepard dog, owned by Benner.

20. Jax, a German Sheprd, is a dog with vicious propensities known to his owners and others.

21. Like Benner, Gayle Miccio was also a resident at Colington.

22. Gayle Miccio's address was 468 Harbour View Drive, Kill Devil Hills, NC 27948.

23. The vicious attack and dog bite sustained by Plaintiff at the jaws of Jax occurred at or within the immediate vicinity of the Subject Property (480 Harbour View Drive, Kill Devil Hills, NC 27948).

24. At no time did Plaintiff provoke Jax in any way.

25. Rather, Jax, unprovoked, began running towards Plaintiff, viciously attacked and bit him.

26. Jax attacked and bit down ferociously into Plaintiff's left forearm and would not open its jaw.

27. In doing so, Jax tore pieces of flesh off of Plaintiff's left forearm.

28. Jax required other individuals, including his owners, to unlock his mouth from Plaintiff's left forearm.

29. As depicted in the photos referenced in ¶2 above, Jax caused serious bodily injury to Plaintiff's left forearm.

30. The injuries were so severe to his left forearm that Plaintiff was required to be transported via ambulance for emergency medical care at The Outer Banks Hospital.

31. The injuries were so severe to his left forearm that Plaintiff required emergency medical care including but not limited to 26 stitches, antibiotics and pain relievers.

32. J.A. Smith of the Dare County, North Carolina Sheriff's Office responded to the call for help relating to the incident. Relevant portions of J.A. Smith's incident report are referenced below which corroborated the foregoing factual allegations.

> "On the above date and time, I, Deputy J. Smith, was dispatched to the above location in reference to an animal bite.
>
> I made contact with Ms. Gayle Miccio via telephone who stated that Randy Lippincott, an out of town guest of hers, was attacked by a German Shepard while walking down the street. I responded to the Outer Banks Hospital and made contact with Mr. Lippincott, who stated that he was walking down Harbour View Dr. on the odd side of the street when a German Shepard came running down the driveway from 480 Harbour View Dr. toward him. He stated that the dog grabbed onto his left arm and could not let go until the dog's owner came out and physically pulled him off. Mr. Lippincott had visible injuries to his left forearm that was covered by several layers of bloody towels and bandages.
>
> I contacted Ashley with Dare County Animal Control, who asked me to email her all information and she would respond to 480 Harbour View Dr. to meet with the dog's owner, Mr. Lawrence Benner.
>
> I responded to 480 Harbour View Dr. after leaving the hospital and made contact with Mr. Benner and his wife, who had pulled the dog off of Mr. Lippincott. Mr. Benner stated that he was in contact with Ms. Miccio and would leave his information with her for Mr. Lippincott. **Ms. Benner corroborated Mr. Lippincott's version of events**."

33. After being discharged from The Outer Banks Hospital, Plaintiff was required to undergo follow-up medical treatment and care with the following medical professionals and/or at the following medical facilities: St. Luke's University Health Network (Warren Wound Care Center, Phillipsburg, NJ); Dr. Dilip M. Bera, M.D. (Phillipsburg, NJ); and Patient First (Easton, PA).

34. In addition to undergoing significant medical treatment and care, the injuries have resulted in Plaintiff sustaining permanent scarring to his left forearm.

35. As a result of this dog attack and bite, has caused Plaintiff to endure significant pain and suffering.

36. As a result of this dog attack and bite, has caused Plaintiff to lose time away from his place of employment.

37. As a result of this dog attack and bite, has caused Plaintiff to experience financial damages including but not limited to out-of-pocket expenses.

## COUNT I – NEGLIGENCE
### [Plaintiff v. Lawrence Edward Benner, Jr.]

38. Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

39. Defendant Benner, like every similarly-situated dog owner, has a duty to maintain control of his dog; to keep his dog on a leash in and around Colington; to abide by Colington's rules and policies as well as any other applicable statutes, laws or ordinances which required Benner, amongst other things, to keep his dog on a leash; to secure his dog within the Subject Property; and to prevent his dog from running around the common areas within Colington's gated community.

40. Defendant Benner breached that duty by failing to maintain control of his dog. He failed to use reasonable care by keeping his dog on a leash; by failing to keep his dog on a leash in accordance with Colington's rules and policies as well as any other applicable statutes, laws or ordinances which required Benner, amongst other things, to keep his dog on a leash.  He failed to secure his dog within the Subject Property; and he failed to prevent his dog from running around the common areas within Colington's gated community.

41. As a direct and proximate result of the negligence of Defendant Benner, Plaintiff suffered physical injuries from the dog attack and bite.  These injuries caused Plaintiff to experience significant conscious pain and suffering. These dog bite injures also lead to Plaintiff receiving extensive medical treatment and ultimately experiencing permanent scarring on his left forearm.

These are permanent injuries. Plaintiff incurred medical expenses and other damages including but not limited to out-of-pocket expenses as well as losing time from work.

42. All of the above damages were directly and approximately caused by the aforementioned negligence of Defendant Benner and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for Plaintiff to avoid the incident.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

### COUNT II – NEGLIGENCE PER SE
### [Plaintiff v. Lawrence Edward Benner, Jr.]

43. Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

44. At all times material hereto, Defendant Benner owed a duty to comply with applicable statutes, regulations and rules related to dog bites in the State of North Carolina.

45. Defendant Benner breached this duty when he failed to comply with such statutes, regulations and rules regarding dog bites as required by NC Gen Stat § 67-4.4.

46. Plaintiff was, at the time of the attack, within the class of persons whom the above-referenced statutes were meant to protect.

47. Defendant Benner's failure to comply with the above-referenced statute created the type of attack against which the law was designed to protect.

48. Defendant Benner's failure to comply with the above-referenced statutes was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

### COUNT III – NEGLIGENCE
### [Plaintiff v. Richard Nilson]

49. Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

50. At all times material hereto, Defendant Nilson was the record property owner of the Subject Property (480 Harbour View Drive, Kill Devil Hills, NC 27948) where the incident occurred.

51. At all times material hereto, the Subject Property was within Colington.

52. At all times material hereto, Defendant Nilson entered into an agreement which permitted Defendant Benner to reside at the Subject Property.

53. At all times material hereto, Defendant Nilson, as property owner, had a duty to adequately evaluate Defendant Brenner including to adequately evaluate whether Brenner intended to house a dog with vicious propensities (Jax, a German Shepard) within the parameters of the Subject Property.

54. Defendant Nilson failed to adequately evaluate whether it would be reasonable and prudent to allow Brenner to house a dog with vicious propensities (Jax, a German Shepard) at the Subject Property.

55. Defendant Nilson had a duty to maintain the Subject Property in a manner which ensured the safety of Colington's common areas for its residents and/or their guests like Plaintiff. This duty included but was not limited to implementing policies and procedures to tenants, like Benner, who owned a dog with vicious propensities (Jax, a German Shepard) to require him to

keep Jax on a leash at all times when taking the dog outside the Subject Property and/or to secure Jax within the confines of the Subject Property.

56. Defendant Nilson failed to maintain the Subject Property in a manner which ensured the safety of Colington's common areas for its residents and/or their guests like Plaintiff.  Nilson breached this duty which included but was not limited to implementing policies and procedures to tenants, like Benner, who owned a dog with vicious propensities (Jax, a German Shepard) to require him to keep Jax on a leash at all times when taking the dog outside the Subject Property and/or to secure Jax within the confines of the Subject Property.

57. As a result of Nilson's failures and/or breaches, Plaintiff was injured.

58. As a direct and proximate result of the negligence of Defendant Nilson, Plaintiff suffered physical injuries from the dog attack and bite.  These injuries caused Plaintiff to experience significant conscious pain and suffering. These dog bite injures also lead to Plaintiff receiving extensive medical treatment and ultimately experiencing permanent scarring on his left forearm. These are permanent injuries.  Plaintiff incurred medical expenses and other damages including but not limited to out-of-pocket expenses as well as losing time from work.

59. All of the above damages were directly and approximately caused by the aforementioned negligence of Defendant Nilson and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for Plaintiff to avoid the incident.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

**COUNT IV – PREMISE LIABILITY**
**[Plaintiff v. Richard Nilson]**

60.     Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

61.     At all times material hereto, Defendant Nilson was the record property owner of the Subject Property (480 Harbour View Drive, Kill Devil Hills, NC 27948) where the incident occurred.

62.     At all times material hereto, the Subject Property was within Colington.

63.     At all times material hereto, Defendant Nilson entered into an agreement which permitted Defendant Benner to reside at the Subject Property.

64.     Defendant Nilson owed Plaintiff a duty since Plaintiff was a guest of a resident of Colington, Gayle Miccio.

65.     Defendant Nilson had a duty to keep its premises (Subject Property) safe from harm for Plaintiff.

66.     Defendant Nilson as the owner and maintainer of the premises (Subject Property), through its agents, servants and/or employees acted with less than reasonable care and was then and there liable of the following careless and negligent acts and/or omissions: improperly safeguarding a guest like Plaintiff from being attacked and bitten from a dog with vicious propensities like Jax (a German Shepard) who was owned by his tenant/lessee, Defendant Benner.

67.     Defendant Nilson breached his duty by not safeguarding the premises (Subject Property) for Plaintiff.

68.     Defendant Nilson's breach was a direct and proximate cause of Plaintiff's injuries and damages.

69.     As a result of the foregoing breach, Plaintiff suffered injuries and sustained damages as set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

### COUNT V – NEGLIGENCE
### [Plaintiff v. Colington Harbour Association]

70.     Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

71.     At all times material hereto, Colington is/was a non-profit corporation which overlooks and/or maintains a private gated subdivision situated in the heart of the Outer Banks for its residents.

72.     Colington maintains, amongst other things, the following areas of its subdivision-community for its residents: sound side park with sandy beaches; a playground; sheltered picnic areas; a basketball court; kayak rack; boat launch; boat slips; and all common areas within the Colington subdivision including but not limited where Plaintiff was walking on the date of the incident.

73.     At all times material hereto, Plaintiff was a guest of one of Colington's residents, Gayle Miccio.

74.     At all times material hereto, Defendant Benner, through Nilson, resided at Colington and was a resident thereof.

75.     Defendant Colington, by and through its employees/members/agents, had a duty to maintain its subdivision and ensure the safety of its common areas for its residents and their guests like Plaintiff. This duty included but was not limited to ensuring that policies and

procedures were in place requiring residents to keep their dog(s) on a leash at all times when taking the dog outside their residence; securing their dog at their residence; and giving residents proper notice of these rules and procedures.

76. Defendant Colington, by and through its employees/members/agents, breached this duty by failing to maintain its subdivision and ensure the safety of its common areas for its residents and their guests like Plaintiff. Specifically, Defendant Colington failed to ensure that policies and procedures were in place requiring residents to keep their dog(s) on a leash at all times when taking the dog outside their residence; securing their dog at their residence; and giving residents proper notice of these rules and procedures.

77. As a direct and proximate result of the negligence of Defendant Colington, Plaintiff suffered physical injuries from the dog attack and bite.  These injuries caused Plaintiff to experience significant conscious pain and suffering. These dog bite injures also lead to Plaintiff receiving extensive medical treatment and ultimately experiencing permanent scarring on his left forearm. These are permanent injuries.  Plaintiff incurred medical expenses and other damages including but not limited to out-of-pocket expenses as well as losing time from work.

78. All of the above damages were directly and approximately caused by the aforementioned negligence of Defendant Colington and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for Plaintiff to avoid the incident.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

**COUNT VI – PREMISE LIABILITY**
**[Plaintiff v. Colington Harbour Association]**

79. Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

80. At all times material hereto, Colington is/was a non-profit corporation which overlooks and/or maintains a private gated subdivision situated in the heart of the Outer Banks for its residents.

81. Colington maintains, amongst other things, the following areas of its subdivision-community for its residents: sound side park with sandy beaches; a playground; sheltered picnic areas; a basketball court; kayak rack; boat launch; boat slips; and all common areas within the Colington subdivision including but not limited where Plaintiff was walking on the date of the incident.

82. At all times material hereto, Plaintiff was a guest of one of Colington's residents, Gayle Miccio.

83. Defendant Colington owed Plaintiff a duty since Plaintiff was a guest of a resident of Colington, Gayle Miccio.

84. Defendant Colington had a duty to keep its premises (Subject Property) safe from harm for Plaintiff.

85. Defendant Colington maintainer of the premises (subdivision), through its agents, servants and/or employees acted with less than reasonable care and was then and there liable of the following careless and negligent acts and/or omissions: improperly safeguarding a guest like Plaintiff from being attacked and bitten in a common area from a dog with vicious propensities like Jax (a German Shepard) who was owned by his tenant/lessee, Defendant Benner.

86. Defendant Colington breached its duty by not safeguarding the premises (subdivision) for Plaintiff.

87. Defendant Colington's breach was a direct and proximate cause of Plaintiff's injuries and damages.

88. As a result of the foregoing breach, Plaintiff suffered injuries and sustained damages as set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey

## COUNT VII - LOST WAGES

89. Plaintiff incorporates by reference and re-alleges all prior paragraphs of the Complaint as if fully set forth herein.

90. As result of his injuries and conditions, Plaintiff has sustained great bodily pain, disability mental anguish, humiliation, shock, depression, distress and her injuries and conditions may be permanent in nature into the future, all to his great detriment and loss.

91. As result of his injuries and conditions, Plaintiff has and may continue to suffer a severe loss of wages, earning and/or impairment of his earning capacity and power, all to his great financial detriment and loss.

92. As result of his injuries and conditions, Plaintiff has been compelled to miss time and days away from work.

93. As result of his injuries and conditions, Plaintiff has been compelled to miss compensation from work.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in an amount in excess of $350,000.00; an amount over the arbitration limit for the United States District Court for New Jersey.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                                                  KOTSATOS LAW PLLC

Dated: 12/26/23                           /s/ *John E. Kotsatos*

                                                  John E. Kotsatos, Esquire
                                                  PA Identification No.: 92807
                                                  Kotsatos Law, PLLC
                                                  717 Washington St.
                                                  Easton, PA 18042
                                                  Phone: 484-403-6214
                                                  Fax: 610-438-6351
                                                  Email: jk@lawjek.com

                                                  *Counsel for Plaintiff*